INGRAM, Presiding Judge.
On June 23, 1989, the Department of Human Resources (DHR) filed a petition in juvenile court, alleging the dependency of T.M.N., a minor child, and requesting that the parental rights of the child’s mother and putative father be terminated.
After an ore tenus proceeding, the trial court terminated the parental rights of both the mother and the putative father.
Only the alleged father appeals.
The dispositive issue on appeal is whether there was clear and convincing evidence to support the termination of the alleged father’s parental rights.
In cases where the state seeks to terminate parental rights, clear and convincing evidence must support a determination that the child is dependent. Ex parte Beasley, 564 So.2d 950 (Ala.1990). Next, the court must consider and reject all alternatives to termination so that it can conclude that the termination is in the child’s best interests. Beasley.
In this case, the court determined, among other things, that the child was dependent, that no viable alternative to termination existed, and that it was in the child’s best interest to grant T.M.N.’s custody to DHR.
The alleged father, in his brief, concedes that the record unquestionably establishes the dependency of T.M.N. However, he argues that a viable alternative to termination existed, and, consequently, that the termination was invalid.
We have reviewed the record and acknowledge that the child’s alleged paternal grandmother testified that she was willing to assume custody of T.M.N. However, the DHR social worker testified that the alternative had not been fully investigated because the alleged grandmother said she could not pursue it.
Further, the record indicates that the termination hearing had previously been rescheduled following the court’s being advised that the alleged grandmother wished to serve as a family resource. However, as of the date of the present hearing, no steps had been undertaken by the putative father to legitimate the child.
We also note that the alleged grandmother testified her monthly income was $500.00 per month, which was generated from odd jobs such as cleaning houses and sewing for the neighbors. The only other income she received was that of her elderly father, which totaled $1,000 per month in veteran’s benefits, Social Security benefits, and retirement. Further, she testified that she was responsible for his care as he was 83 years old, blind, and incontinent.
When a trial court receives ore ten-us evidence, a presumption of correctness attaches to the court’s judgment, and, absent a finding that it is unsupported by the evidence so that it is plainly and palpably wrong, this court will affirm. Columbus v. Department of Human Resources, 523 So.2d 419 (Ala.Civ.App.1987).
In view of the aforementioned evidence and the attendant standard of review, we fail to find the court’s rejection of the alleged paternal grandmother as an *352 alternative to be unsupported by the evidence so as to be plainly and palpably wrong.
As of the date of the termination hearing, the alleged father had not undertaken any steps toward legitimating his daughter as directed by the court upon its first learning of the alleged grandmother's willingness to assume the care of T.M.N. Additionally, the alleged grandmother was already the primary care provider for her elderly father, whose veteran’s benefits, Social Security benefits, and retirement income contributed two-thirds of their income.
In other words, we affirm the trial court’s determination that to terminate parental rights was in the child’s best interests, based on the child’s dependency and the court’s rejection of the alleged paternal grandmother as an alternative to termination.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.